NANCY C. WHITE ET AL, v. THOMAS GRUBBS' EXR. ET AL.

**Husband and Wife—Wills—Legacy to Wife Vests in Husband at Her Death.**
 Thomas Grubbs devised to Mrs. Dillingham a part of his estate, and
 she died before receiving the entire amount due her, leaving a surviving
 husband, who, after her death, claimed the balance of the legacy due his
 wife, against her surviving brothers and sisters. Held, that the legacy
 vested immediately upon the death of the testator, Thomas Grubbs, and
 Mrs. Dillingham's right to it was not postponed until distribution, hence,
 upon her death it vested in the husband and became a part of his estate.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

April 15, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

By his last will Thomas Grubbs deceased devised to the children of his deceased brother James Grubbs an equal share with his other brothers and sisters or their children, of the estate owned by him at his death and not devised to his wife or otherwise disposed of. There were two sisters and a brother of these children, all of whom survived the testator, one of them Mrs. Dillingham did not receive the entire amount due her when she died, leaving a surviving husband, who after his wife's death, without administering on her estate, collected a portion of what still remained due her, and he died; neither he nor his wife left descendants, one of his collateral kindred administered both upon his and his wife's estate, and that suit seeks to settle whether her surviving brother and sister or her husband's heirs are entitled to the remainder of her unpaid legacy at her death.

The third clause of *section 11, chapter 30, 1 Stant. Revised Statutes page 423* provides that "a husband shall have the whole surplus of a deceased wife's personal estate, except he shall have only a life interest in her slaves."

This legacy vested immediately upon the death of the testator, Thomas Grubbs, and Mrs. Dillingham's right to it was not postponed until distribution, hence, upon her death it vested in the husband and became a part of his estate, though to protect her

creditors it would have been proper that he should have administered, but this does not affect his right to the money when collected, for had any one else administered thereon after payment of the wife's debts the husband would have been the sole distributee, and his death before it's collection could in no wish to disturb his right to it, therefore, whilst the administration upon the wife's estate was right, after the husband's death, yet his distributees are entitled to the legacy when collected, which the circuit court properly adjudged.

Wherefore the judgment is *affirmed.*

*Hazelrigg & Winn,* for appellant.

*Turner & Cornelison,* for appellee.